[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ATTORNEY TRIAL REFEREE'S REPORT (NO. 135)
This matter was tried before an attorney trial referee (ATR) who rendered a report which was ordered corrected, pursuant to motion, by the court (Hodgson, J.). The ATR was ordered to set forth the facts relied upon in reaching his conclusion that the defendants were liable as partners and that the debt at issue was not a corporate one. The ATR filed an amended report setting forth the facts found on which he relied. Defendants filed a second motion to correct which the ATR denied. Defendants excepted to the failure to correct and objected to the acceptance of the report.
The standard of review of an ATR report is set out in Wilson Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420,423 (1989):
 "A reviewing authority may not substitute its findings for those of the trier of facts. This principle applies no matter whether the reviewing authority is the Supreme Court; . . . the Appellate Court; . . . or the Superior Court reviewing the findings of either administrative agencies; . . . or attorney trial referees. [Citations omitted]."
It is obvious from the court's reading of the 238 page transcript of the trial that the issues here were hotly disputed. It is equally obvious that defendants vigorously object to the findings against them. This case turned on whether defendants contracted as a partnership and became liable under Connecticut General Statutes 34-54 (1) which states: CT Page 2732
 Sec. 34-54. Representation of person as partner. (1) When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.
 (a) When a partnership liability results, he is liable as though he were an actual member of the partnership.
 (b) When no partnership liability results, he is liable jointly with the other persons, if any, so consenting to the contract or representation as to incur liability, otherwise separately.
Directly conflicting testimony was given by the parties on the partnership issue. For example, plaintiff's president, Brody, testified that defendants told him that they were a partnership (pages 57-59, transcript of January 25, 1990). Defendant, Gonsor, contradicted that testimony stating that he never told Brody or anyone at his company that he operated as a partnership (page 165, transcript January 25, 1990). It is axiomatic that credibility of witnesses is a matter for the trier of fact.
Connecticut Practice Book 439 states:
 The court will not [consider exceptions] nor will the court correct a finding of fact unless a material fact has been found without evidence or the committee has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear.
CT Page 2733
The court on review finds no reason to reject the report. Judgment enters in favor of the plaintiff to recover the sum of $46,367.53 plus costs as per the report.
E. EUGENE SPEAR, JUDGE